County of Madera v. Picayune Rancheria of the Chukchansi Indians, et al.　　　　　　　　　　　　　　　　　　　　　　　　　　　　Doc. 13

Case 1:06-cv-01698-AWI-DLB　　Document 13　　Filed 12/01/2006　　Page 1 of 2

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF MADERA, a political subdivision of the State of California　)<br>)<br>Plaintiffs,　　　　　　　　　　　　)<br>)<br>v.　　　　　　　　　　　　　　　　)<br>)<br>PICAYUNE RANCHERIA OF THE　　　)<br>CHUKCHANSI INDIANS, a tribal　　　)<br>entity, et. al.,　　　　　　　　　　　)<br>)<br>Defendants.　　　　　　　　　　　)<br>_____) | CIV F 06-1698 AWI DLB<br><br>ORDER SETTING HEARING DATE OF DECEMBER 15, 2006, ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

　　This case was removed from the Superior Court of Madera County. The County of Madera ("the County") seeks to enjoin the Picayune Rancheria of the Chukchansi Indians, including the tribal council and individual tribe members, (collectively "the Tribe") and a construction company (McCarthy Building Companies) hired by the Tribe from continuing to violate a "stop work order" issued by the County. Specifically, the County seeks to enjoin further demolition and grading on land owned by the Tribe and to require the Tribe to obtain the appropriate demolition and grading permits from the County.

　　On November 28, 2006, the County filed an "ex parte application" for a temporary restraining order. "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown

by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. Pro. 65(b).  Here, the County has not certified the reasons why notice should not be required.  In fact, the County counsel's declaration indicates that he was able to give oral and written notice to the Defendants's respective counsel, see Fuchs Declaration at ¶¶ 12-14, and the notice states that the County will seek a temporary restraining order at a hearing to be determined by the Court.  See id. at Exhibits 9 & 10.  Since the requirements of Rule 65(b) have not been met, the Court will not issue a temporary restraining order at this time.

Instead, the Court sets the following hearing date and briefing schedule:

1. The hearing on the County's motion for a temporary restraining order will be held on Friday, December 15, 2006, at 1:30 p.m.;
2. All Defendants may file an opposition to the County's motion by 1:00 p.m., December 8, 2006;
3. The County may file a reply by 4:00 p.m., December 12, 2006, to any oppositions; and
4. The County shall provide notice to all Defendants of this hearing and briefing schedule upon receipt of this order.[1]

IT IS SO ORDERED.

**Dated:   December 1, 2006**          /s/ Anthony W. Ishii
ciem0h                                  UNITED STATES DISTRICT JUDGE

---

[1] Additionally, both parties have referenced a hearing scheduled for December 1, 2006, before District Judge Fogel of the Northern District of California.  As part of the briefing in this case, the parties are invited to further brief the significance of the Northern District hearing and the possible effects of a ruling in that case to the matter at bar.

2