IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **COUNTY OF MADERA, a political subdivision of the State of California** )<br>)<br>)<br>**Plaintiffs**, )<br>**v.** )<br>)<br>**PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS, a tribal entity, et. al.,** )<br>)<br>)<br>**Defendants.** )<br>_____ ) | **CIV F 06-1698 AWI DLB**<br><br>**ORDER ON THE DEFENDANTS'S MOTION TO RECONSIDER REMAND** |

On November 21, 2006, this case was removed from the Superior Court of Madera County. On December 18, 2006, this Court granted the County of Madera's motion to remand the case back to the Superior Court under 28 U.S.C. § 1447(c). See Court's Docket Document No. 122. The order was docketed on December 18, 2006, at 3:08 p.m. See id. The docket notation includes "(cc: certified copy mailed to Superior Court of Madera)." See id. Defendants filed a motion for reconsideration of the order to remand on December 18, 2006, at 9:22 p.m. See Court's Docket Document No. 123.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to [28 USCS § 1443] shall be reviewable by appeal or

otherwise."[1] 28 U.S.C. § 1447(d). "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court. Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." Seedman v. United States Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988). "The event that divests the district court of jurisdiction is the mailing of the certified copy of the order of remand to the clerk of the state court." MacLeod v. Dalkon Shield Claimants Trust, 886 F.Supp. 16, 19 (D. Or. 1995) (citing Seedman, 837 F.2d at 414).

Here, the notation in the docket entry "cc: certified copy mailed to Superior Court of Madera" is a method of the Clerk to indicate that a certified copy of the remand order has been mailed to the state court. The Clerk's office hours in this Division are from 9:00 a.m to 4:00 p.m. Since the motion to reconsider was filed at 9:22 p.m., it was filed after a certified copy of the remand order had been mailed. Because the remand was based on 28 U.S.C. § 1447(c), and the motion to reconsider[2] was filed after a certified copy of the remand order had been mailed to the Superior Court of Madera, this Court has been divested of jurisdiction and cannot consider the motion to reconsider the remand order. See 28 U.S.C. § 1447(d); Seedman, 837 F.2d at 414; MacLeod, 886 F.Supp. at 19.

Accordingly, Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated: December 21, 2006** **/s/ Anthony W. Ishii**
0m8i78 UNITED STATES DISTRICT JUDGE

[1]This case was removed under 28 U.S.C. § 1441(b) and not 28 U.S.C. § 1443. See Court's Docket Document No. 2.

[2]The Court notes that the motion to reconsider requests that the Court dismiss the case under the "futility doctrine" instead of remanding it.